IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BANCORPSOUTH BANK**                                                                       **PLAINTIFF**

V.                                                                  Civil No.1:12-cv-287-HSO-RHW

**WILLIAM R. MILLER, and**
**REGINA REYNOLDS**                                                                    **DEFENDANTS**


**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST
FOR JUST COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEY
FEES, INCURRED AS A RESULT OF REMOVAL**

BEFORE THE COURT is Plaintiff BancorpSouth Bank's Motion to Remand [2] the above styled and numbered cause to the Circuit Court of Harrison County, Mississippi, Second Judicial District.  Neither Defendant William R. Miller, nor Defendant Regina Reynolds has filed a Response.  For the following reasons, Plaintiff's Motion [3] should be granted.  This case should be remanded, and Plaintiff should be awarded its just costs and actual expenses, including attorney fees, incurred as a result of Miller's improvident removal.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2011, Plaintiff filed suit against Defendants Miller and Reynolds in the Circuit Court of Harrison County, Mississippi, Second Judicial District, alleging that Defendants breached personal guaranties related to loans Plaintiff made to Trilogy Real Estate, LCC, in connection with the acquisition and development of land located in Harrison County.  Pl.'s Compl. [2-1], Ex. 1 to Pl.'s Mot. to Remand [2].  Plaintiff's initial Complaint requested over $140,000.00 in damages, plus costs, attorney fees, pre-judgment interest, and post-judgment

interest. *Id.* at p. 4.  Reynolds was served with process, and on July 29, 2011, she answered Plaintiff's Complaint.  Answer of Regina Reynolds [2-3], Ex. 3 to Pl.'s Mot. to Remand [2].  On December 19, 2011, and prior to serving Miller, Plaintiff amended its Complaint to reflect that it had foreclosed on property pledged as collateral by Trilogy Real Estate, LLC.  Pl.'s Am. Compl. [2-4] at p. 4, Ex. 4 to Pl.'s Mot. to Remand [2].  The Amended Complaint reduced Plaintiff's *ad damnum* clause by the amount recovered from the foreclosure, to $59,250.00.  *Id.*

The record indicates that Miller evaded service of process, and on June 11, 2012, filed a separate action in the United States District Court for the Northern District of Alabama, Southern Division, asserting fourteen claims against Plaintiff and seeking in excess of six million dollars in damages.  *Miller v. BancorpSouth Bank,* Cause No. 1:12-cv-240-LG-JMR.  His Complaint in this separate action is based on the same loan transaction at issue in this case.  Pl.'s Compl. [1], in Cause No. 1:12-cv-240-LG-JMR.  The district court transferred the case to this District, finding that "[t]he only connection this action has to this District is that Plaintiff Miller now attends law school here and undertook efforts to avoid service in the Mississippi state court action here."  Order [13] at pp. 2, 4, in Cause No. 1:12-cv-240-LG-JMR.

Miller was finally served on June 26, 2012.  Decl. of Process Server [2-6], Ex. 6 to Pl.'s Mot. [2] to Remand.  Plaintiff has produced various emails written by Miller, as well as attorneys working on his behalf, evidencing that Miller was aware of this suit, at least as early as October 2011, yet purposely evaded service of

process.[1]  Emails [2-5], Ex. 5 to Pl.'s Mot. [2] to Remand.  When Plaintiff learned that Miller attends Cumberland School of Law, in Birmingham, Alabama, it attempted to serve him there.  Decl. of Process Server [2-6] at p. 2, Ex. 6 to Pl.'s Mot. [2] to Remand.  On June 1, 2012, Plaintiff's process server approached Miller on Cumberland's campus, but Miller ran from him.  *Id.*  On June 26, 2012, Plaintiff's process server again attempted to serve Miller on Cumberland's campus.  *Id.*  The process server attests that, "[a]fter searching throughout the law school building, [he] eventually found Miller hiding in a corner behind a garbage can, next to a refrigerator.  [He] served Miller in hand with a copy of the complaint."  *Id.*

On July 28, 2012, Miller filed his Answer and fourteen Counterclaims in this action.  Answer and Countercls. of William Miller [2-7], Ex. 7 to Pl.'s Mot. to Remand [2].  The Counterclaims alleged by Miller are identical to the claims he asserts against Plaintiff in the separate action pending in this Court.  *Id.*; Pl.'s Compl. [1], in Cause No. 1:12-cv-240-LG-JMR.  In both actions, Miller is seeking damages in excess of six million dollars from Plaintiff.  On August 23, 2012, the Circuit Court granted Plaintiff's Motion for a More Definite Statement and ordered Miller to provide information regarding his Counterclaims to Plaintiff within ten days of the Order.  Circuit Court Order [2-8], Ex. 8 to Pl.'s Mot. to Remand [2].  The

---

[1] An October 19, 2012, email from attorney Deven Moore to Plaintiff's attorney provides that Miller "is not willing to let me accept service for him."  Emails [2-5], Ex. 5 to Pl.'s Mot. [2] to Remand.  A February 16, 2012, email from Moore to Plaintiff's attorney again states that Miller has not given him authority to accept service of process.  *Id.*  In a May 18, 2012, email from Miller to attorney Michael L. Jackson, Miller states: "I didn't want to give them an argument that I had been served."  *Id.*

Order provided that in the event Plaintiff did not comply, "then Counter [sic] Twelve and Thirteen of the Counterclaim are hereby dismissed." *Id.* Counterclaim Twelve alleges civil conspiracy, and Counterclaim Thirteen alleges that Plaintiff has violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). Miller did not furnish a more definite statement, and by the terms of the Circuit Court's Order, Counterclaims Twelve and Thirteen have been dismissed.

On September 17, 2012, Miller filed his Notice of Removal of this action from state court on the basis of alleged diversity and federal question jurisdiction. Notice of Removal [1]. Reynolds has not joined in or otherwise consented to removal. Plaintiff has filed a Motion to Remand [3], maintaining that Miller's Notice of Removal is procedurally defective and that the Court does not have subject matter jurisdiction. Pl.'s Mem. [3] in Supp. of Mot. to Remand [2] at pp. 3-11. Plaintiff requests that the Court order Miller to pay its "just costs and any actual expenses, including attorney fees," incurred as a result of Miller's improper removal and "pattern of delay and harassing conduct." Pl.'s Mot. [2] to Remand at p. 4.

## II. DISCUSSION

A.  Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the federal district courts have original jurisdiction. 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or

Congress. *Epps v. Bexar-Medina-Atascosa Cntys. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). The party seeking removal, Miller in this case, bears the burden of establishing federal jurisdiction and showing that removal is procedurally proper. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Willy*, 855 F.2d at 1164. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007).

B.      <u>Plaintiff's Notice of Removal is Procedurally Defective</u>

It has long been the rule in the Fifth Circuit that all properly joined and served defendants must join in the notice of removal, or otherwise consent to removal, within the thirty day period set forth in 28 U.S.C. § 1446(b). *Getty Oil, Div. of Texaco v. Ins. Co. of North Am.,* 841 F.2d 1254, 1263 (5th Cir. 1988). In cases involving multiple defendants, the Fifth Circuit, prior to recent amendments to 28 U.S.C. § 1446, adhered to the first-served defendant rule, under which all defendants, with narrow exceptions, must join in the removal within thirty days of the date that the first defendant was served. *Id.* at 1263-64. To demonstrate the

defendants' unanimous consent to removal, the Fifth Circuit requires that each served defendant provide "some timely filed written indication" of consent. *Id.* at 1262 n.11.

Section 1446 was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011)("JVCA") (amending 28 U.S.C. §§ 1332, 1391, 1404, 1441, 1446, adding 28 U.S.C. §§ 1390, 1455, and repealing 28 U.S.C. § 1392). New subparagraph 1446(b)(2)(B) provides that each defendant has 30 days from his or her own date of service or receipt of initial pleading to seek removal. 28 U.S.C. § 1446(b)(2)(2006 & Supp. 2011). Section 1446, both prior to and after the JVCA amendments, provides that diversity cases may not be removed more than one year after their commencement. 28 U.S.C. § 1446(b)(2006); 28 U.S.C. § 1446(c)(1)(2006 & Supp. 2011).[2]

Plaintiff commenced this suit on May 5, 2011, by filing its Complaint in the Circuit Court of Harrison County, Mississippi, Second Judicial District. The action was filed prior to the effective date of the JVCA amendments, and therefore, the Fifth Circuit's first-served defendant rule applies, as opposed to the last-served

---

[2]New subparagraph 1446(c)(1) provides a limited exception, authorizing district courts to permit removal after the one-year period if the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1)(2006 & Supp. 2011). Even if the new amendment applied to this case, there is no indication of any such bad faith on the part of Plaintiff.

defendant rule established by the 2011 amendments.[3] Reynolds was served on June 16, 2011.[4] Proof of Service as to Regina Reynolds [2-2], Ex. 2 to Pl.'s Mot. [2] to Remand. Pursuant to 28 U.S.C. § 1446(b) and the first-served rule, Miller had until no later than thirty days after June 16, 2011, to file a notice of removal. He did not file his Notice of Removal until September 17, 2012, over one year and three months later.[5] Moreover, Reynolds did not consent to removal in writing, and Miller's Notice of Removal was filed more than one year after this action was commenced. Because Miller's Notice of Removal is untimely, and Reynolds did not consent to removal, the removal of this case is procedurally defective, and this case should clearly be remanded.

C.    The Court Does Not Have Federal Question Jurisdiction

Questions concerning federal question jurisdiction are resolved by the application of the well-pleaded complaint rule. *Hart v. Bayer Corp.,* 199 F.3d 239, 243 (5th Cir. 2000). The plaintiff's properly pleaded complaint governs the jurisdictional inquiry. *Id.* at 243-44. "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Id.*

---

[3]The JVCA amendments took effect on January 6, 2012. Act of Dec. 7, 2011, Pub. L. No. 12-63 § 105(d); 2011 Amendment Note to 28 U.S.C. § 1446 (2006 & Supp. 2011).

[4]Reynolds filed her Answer on June 29, 2011, and she has not filed a Notice of Removal. Answer of Reynolds [2-3], Ex. 3 to Pl.'s Mot. [2] to Remand.

[5]Even under the new amendments, Miller's Notice of Removal would be procedurally defective because he filed his Notice of Removal over thirty days after he was served on June 26, 2012.

Plaintiff's Complaint and Amended Complaint contain no federal claims. They assert only one cause of action, namely, breach of written guaranties. Breach of contract is a state law claim. Miller asserts that federal question jurisdiction exists based on his RICO Counterclaim against Plaintiff. Raising a federal claim in an answer does not establish federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002). The plaintiff is "the master of the complaint," and may "eschew[] claims based on federal law, . . . to have the cause heard in state court." *Id.* (internal citations omitted). Moreover, even if a counterclaim could establish federal question jurisdiction, Miller's RICO Counterclaim was dismissed pursuant to the Circuit Court's August 23, 2012, Order, because Miller did not provide a more definite statement of this Counterclaim or his civil conspiracy Counterclaim within ten (10) days of the Order. Circuit Court Order [2-8], Ex. 8 to Pl.'s Mot. to Remand [2]. The Court does not have federal question jurisdiction.

D.  The Court Does Not Have Diversity Jurisdiction

Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. A defendant may remove a case to federal court if both requirements for diversity jurisdiction have been met. 28 U.S.C. § 1441(a), (b). A civil action removed solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Plaintiff is a citizen of Mississippi.  Miller is a law student, who attends Cumberland School of Law in Birmingham, Alabama.  He was served in Birmingham, and he purports to be a citizen of Alabama.  Answer and Countercls. of William Miller [2-7], Ex. 7 to Pl.'s Mot. [2] to Remand; Decl. of Process Server [2-6] at p. 2, Ex. 6 to Pl.'s Mot. [2] to Remand.  In its Complaint and Amended Complaint, Plaintiff submits that Reynolds is a citizen of Florida.  Pl.'s Am. Compl. [2-4] at pp. 1-2.  In her Answer, Reynolds purports to be a citizen of Florida.  Answer of Regina Reynolds [2-3], Ex. 3 to Pl.'s Mot. [3] to Remand.  Plaintiff, however, now believes that Reynolds is a citizen of Mississippi, because she was served in Madison, Mississippi, and represents through her Facebook account that she lives in Jackson, Mississippi.  Proof of Service for Regina Reynolds [2-2] and Facebook Screenshot from Account of Regina Reynolds [2-9], Exs. 2, 9 to Pl.'s Mot. [3] to Remand.

Miller has not responded to Plaintiff's Motion to Remand, and, accordingly, has not rebutted the evidence submitted by Plaintiff, which suggests that Reynolds is a citizen of Mississippi.  It is Miller's burden to establish diversity, and because there is doubt as to Reynold's citizenship, "the propriety of removal must be resolved in favor of remand." *Gasch,* 491 F.3d at 281-82.

E. <u>Miller's Improvident Removal Justifies Awarding Plaintiff Just Costs and Actual Expenses, Including Attorney Fees, Incurred as a Result of Removal</u>

28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as

a result of removal." 28 U.S.C. § 1447(c). Plaintiff requests that the Court order Miller to pay its costs and expenses, including attorney fees, incurred as a result of Miller's improvident removal and "pattern of delay and harassing conduct." Pl.'s Mot. [2] to Remand at p. 4. Specifically, Plaintiff maintains that it should be awarded costs and expenses because Miller has evaded service of process, has filed a duplicative suit, and "may have intentionally altered a certificate of service to reflect an untrue and inaccurate date for the service of the Notice of Removal." *Id.* at pp. 3, 6-7; Pl.'s Mot. [2] to Remand at pp. 3-4.

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005). Awarding fees and costs under section 1447(c) "reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* An award of just costs and actual expenses "should turn on the reasonableness of removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Ample evidence in the record supports the conclusion that Miller has engaged in conduct to delay this litigation and impose unnecessary costs and expenses on Plaintiff. He purposely evaded service of process and has wasted the judicial resources of this Court by filing a duplicative lawsuit and by filing a Notice

of Removal with no objectively reasonable basis.[6] Miller's removal of this case is so improvident on its face as to warrant the imposition of just costs and actual expenses, including attorney fees. The Court will therefore grant Plaintiff's request. If Plaintiff wishes to pursue this award, it shall file in this Court the appropriate documentation within ten (10) calendar days of entry of this Order, containing an itemized accounting of its just costs and actual expenses, including attorney fees, incurred as a result of Miller's removal of this case. Because Miller is proceeding *pro se*, he shall have fourteen (14) calendar days from the date that Plaintiff files its documentation, to file any objections. If Plaintiff fails to file its documentation within the time allotted, its request for just costs and actual expenses, including attorney fees, will be deemed waived.

### III. CONCLUSION

Miller's removal of this case was objectively unreasonable. The Notice of Removal is untimely, Reynolds did not consent to removal, and the Court lacks subject matter jurisdiction. Remand is required. Plaintiff should be awarded its just costs and actual expenses, including attorney fees, incurred as a result of Miller's improvident removal.

---

[6]The Court will not address Plaintiff's allegation that Miller "may have intentionally altered a certificate of service to reflect an untrue and inaccurate date for the service of the Notice of Removal." Pl.'s Mot. [2] to Remand at pp. 3-4. While the evidence suggests that Miller may have done so, it is not conclusive. Moreover, any attempt by Miller to alter the certificate of service would have no bearing on the timeliness of his Notice of Removal. A Notice of Removal must be "filed" within the thirty day period set forth in 28 U.S.C. § 1446(b), and Miller's was not. 28 U.S.C. § 1446(b)(2006); 28 U.S.C. § 1146(b)(1)(2006 & Supp. 2011).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, pursuant to 28 U.S.C. § 1447(c), the Motion to Remand [2], filed by Plaintiff BancorpSouth Bank, is **GRANTED**.  The above styled and numbered cause is hereby **REMANDED** to the Circuit Court of Harrison County, Mississippi, Second Judicial District.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, pursuant to 28 U.S.C. § 1447(c), a certified copy of this Order shall be immediately mailed by the Clerk of this Court to the Clerk of the Circuit Court of Harrison County, Mississippi, Second Judicial District.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's request for just costs and actual expenses, including attorney fees, is **GRANTED**.  If Plaintiff wishes to pursue this award, it shall file in this Court the appropriate documentation within ten (10) calendar days of entry of this Order, containing an itemized accounting of its just costs and actual expenses, including attorney fees, incurred as a result of Defendant William R. Miller's removal of this case.  Because Miller is proceeding *pro se,* he shall have fourteen (14) calendar days from the date that Plaintiff files its documentation, to file any objections.  If Plaintiff fails to file its documentation within the time allotted, its request for costs and actual expenses, including attorney fees, will be deemed waived.

**SO ORDERED AND ADJUDGED**, this the 14th day of December, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE